**EFiled: Jun 29 2016 01:47PM EDT**
**Transaction ID 59209624**
**Case No. 10287-VCS**

COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOSEPH R. SLIGHTS III
VICE CHANCELLOR

417 S. State Street
Dover, Delaware 19901
Telephone: (302) 739-4397
Facsimile: (302) 739-6179

June 29, 2016

Sidney S. Liebesman, Esquire
Montgomery, McCracken, Walker
   & Rhoads, LLP
1105 North Market Street, Suite 1500
Wilmington, DE 19801

David L. Finger, Esquire
Finger & Slanina, LLC
One Commerce Center
1201 N. Orange Street, 7th Fl.
Wilmington, DE 19801

Robert D. Goldberg, Esquire
Biggs and Battaglia
921 North Orange Street
Wilmington, DE 19801

Kathleen M. Miller, Esquire
Smith, Katzenstein & Jenkins LLP
1000 West Street, Suite 1501
Wilmington, DE 19801

Re: *Smollar v. Potarazu*
C.A. No. 10287-VCS
Date Submitted: May 23, 2016

Dear Counsel:

VitalSpring Technologies, Inc. ("VitalSpring") stockholders, Britt Family

Investments LLC, Jeff Waters, and the Kenneth F. Logue Revocable Declaration

of Trust DTD ("Movants") have brought a Motion to Intervene as representative

plaintiffs in this derivative action pursuant to Court of Chancery Rule 24 (the "Motion"). The Motion currently stands unopposed.[1]

Intervention as of right is appropriate, pursuant to Court of Chancery Rule 24, "when the applicant claims an interest relating to the . . . transaction which is the subject of the action and . . . the disposition of the action may . . . impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."[2] As VitalSpring stockholders, Movants have an "interest" in pursuing VitalSpring's claims of wrongdoing (including breach of fiduciary duty, misappropriation of assets and waste) against the defendant, Sreedhar Potarazu, as initially asserted in a complaint filed by Marvin Smollar in October 2014.[3]

---

[1] Tr. of Oral Arg. on Pl.'s Mot. for an Interim Award of Att'ys' Fees and Expenses; Britt Family Investors LLC, Jeff Waters, and the Kenneth F. Logue Revocable Decl. of Trust DTD's Am. Mot. to Intervene, at 65.

[2] Ct. Ch. R. 24.

[3] *See United Rentals, Inc. v. RAM Hldgs., Inc.*, 2007 WL 4327770, at *1 (Del. Ch. Nov. 29, 2007) ("Consideration of an intervener's standing is implicit in the court's analysis of the elements of Rule 24.").

By opinion and order of today's date, the Court has granted a motion to disqualify Mr. Smollar and his counsel from further participation in this litigation. Consequently, Movants' interests are no longer "adequately represented by existing parties."[4] Their ability to protect their interests, as well as the interests of all similarly situated VitalSpring stockholders, in pursuing a final resolution of this action will be impaired unless and until another representative plaintiff intervenes. Accordingly, Movants are entitled to intervene as a matter of right, and the Motion must be granted.[5]

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Joseph R. Slights III*

---

[4] Ct. Ch. R. 24.

[5] *Michelson v. Duncan*, 1980 WL 273542, at *2 (Del. Ch. Apr. 1, 1980) (allowing the movant to intervene as a matter of right following former plaintiff's disqualification, and holding that because he has the right to intervene, "he should not be compelled to undergo discovery, at this time, as to issues other than the issue of whether he is in fact now a stockholder of [the company] and was such at the time of the transactions which are the subject of this suit").